UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY HERROCK, | No. 2:13-CV-00557-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| SUTTER HEALTH, et al., | |
| Defendants. | |

Plaintiff Cindy Herrock ("Plaintiff") initiated this action in the Superior Court of the State of California for the County of Sacramento against Sutter Health ("Sutter"), among others, for injuries arising out of her employment by Sutter and her purportedly wrongful termination. Presently before the Court is Sutter's Motion to Dismiss ("Motion") all other Defendants because they have not been served as required by Federal Rule of Civil Procedure 4(m).[1]  Sutter's Motion is GRANTED.[2]

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

1

Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under the plain language of this rule, the Court must dismiss any Defendants not served within the requisite 120-day period unless good cause is shown, in which case Plaintiff must be granted an extension of time in which to effect service. Plaintiff effectively concedes that no Defendant other than Sutter has been served. Accordingly, the Court "must dismiss the action without prejudice" against the remaining Defendants.

Moreover, Plaintiff failed to establish good cause for any extension of time. Plaintiff argues only that dismissal would be improper because the Court stated in its August 5, 2013, Pretrial Scheduling Order ("PTSO") that all Defendants had been served. See PTSO at 1 ("All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown."). Plaintiff thus contends that Sutter's Motion should be denied because Sutter has not shown good cause to modify the PTSO. See Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff is wrong.

First, it is obvious from even a brief review of the record that the Court's statement in the PTSO was made in error. There is no evidence in the record to indicate that any Defendant other than Sutter has been served. Indeed, in their Joint Status Report ("JSR") dated May 20, 2013, the parties agreed that Plaintiff had not served any Defendant other than Sutter.[3]

///

///

---

[3] The Court is aware that Sutter takes the position that "the Summons, Complaint and other process, pleadings and orders were delivered to, but not formally served on, an Administrative Assistant employed by Sutter Health." JSR at 3. Whether Sutter has been properly served is not relevant to the instant disposition. All that matters for current purposes is that Plaintiff has not even attempted service on the remaining Defendants.

Certainly any error on the Court's part constitutes good cause to amend the PTSO to conform to the actual facts.  Regardless, since not all Defendants have been served, issuance of the PTSO was premature, and that Order is hereby VACATED.

Plaintiff has presented no other argument in opposition to Sutter's Motion. Accordingly, the PTSO (ECF No. 8) is VACATED, and an amended scheduling order will issue shortly.  Sutter's Motion to Dismiss (ECF No. 9) is GRANTED, and all Defendants except Sutter are DISMISSED without prejudice.  Not later than thirty (30) days following the date this Order is electronically filed, the parties are ordered to file an additional Joint Status Report.

IT IS SO ORDERED.

Dated:  November 12, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT